February 19, 2008

**FILED**

To United States District Court
Northern Distinct of California
Jane Rocio Evans vs. Baker Places, Inc.
Case Number: CV 08-00776 WHA

FEB 2 9 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA



Request for a Court attorney

    This is a formal written request for an attorney to assist me with this Case. I am respectfully requesting this attorney due to the whistle blowing nature of this case, in particular because, to my understanding, I was terminated from Baker Places largely due to retaliation from Baker Places Management regarding my having Whistleblowed to Human resources Director Michelle Lott, Larry Smith, Baker Manager and about 10 other employees during a Training, that Baker Manager Ruby Reyes had not allowed a Mexican client at Jo Ruffin Place to speak Spanish, which he needed to do, during one of my Treatment groups. Ms. Reyes had intentionally misrepresented facts by telling me that" there was a Policy in place at Baker Places where clients had to speak English only at the Baker Facilities." To my understanding, this constitutes a serious civil rights violation, and I was Terminated from Baker Places about one month after this whistle blowing occurred. Mr. Smith said that the client had the legal right to speak his native language at any Baker Facilities and that no such Policy existed. Afterwards, Manager Richard Lovell harassed me and intimidated me by telling me that I' had to take back what Ruby said,' and that I "had to admit' that I had been confused about this incident and that Ruby had never said this." He threatened and intimidated into taking my story or whistle blowing back in front of employee Daniel Mendez, and when I refused to take this story or whistle blowing back, Mr. Lovell shortly thereafter, about a week later, authorized that I be Terminated from Baker Places. He intentionally misrepresented facts to Ms. Lott by telling her that I had been insubordinate by going on vacation for two days without his authorization. Ms. Lott never investigated Mr. Lovell's allegations by contacting me before she authorized my Termination. To my understanding, she never checked the staff Log, where I had documented in writing that I was at Baker Places, Jo Ruffin facility on those 2 days and presented for work. Thus to my understanding, she Terminated without checking evidence and she seriously violated Baker Places collective Bargaining agreement, Affirmative Action paragraph.

    Since Spanish therapists are not that common, I feel that it would be an appropriate use of the Court's time and resources if the Court were to approve an attorney to assist me with this matter.

Respectfully,

*Jane Rocio Evans, MFT*

Ms. Jane Rocio Evans,
Licensed Marriage, Family Therapist